IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BETH LEANN FULLER | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 2:18-CV-00032-D |
| HEALTHCARE SERVICES GROUP, INC., | § | |
|     Defendant | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

TO THE HONORABLE JUIDGE OF SAID COURT:

Defendant Healthcare Services Group, Inc., files this Response to Plaintiff's Objection to the Findings, Conclusions, and Recommendation Regarding Defendant's Motion to Dismiss and Compel Arbitration and asks the Court to not disturb the findings issued on November 2, 2018.

## I.    INTRODUCTION

On October 12, 2018, an Evidentiary Hearing was conducted on Defendant's Motion to Dismiss and Compel Arbitration. After reviewing applicable case law, testimony of the witnesses, and evidence introduced at the hearing, on November 21, 2018, the Magistrate Judge correctly concluded Plaintiff is bound to arbitrate her claims under the theory of direct benefit estoppel.

## II.    ARGUMENT

Under Texas law, a written agreement to arbitrate is valid and enforceable if an arbitration agreement exists and the claims asserted are within the scope of the agreement. *Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001, 171.021 (West 2011).* "To determine whether a

party's claims fall within an arbitration agreement's scope, we focus on the complaint's factual allegations rather than the legal causes of action asserted." *In re FirstMerit Bank, N.A., 52 S.W.3d at 754*. Courts should not deny a motion to compel arbitration unless the arbitration clause in the parties' agreement is not susceptible of an interpretation that is sufficiently broad so that it includes the matters at issue in a dispute. *Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding).*

As a policy matter, "both federal and state jurisprudence dictate that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration." *McKee v. Home Buyers Warranty Corp.,* 45 F.3d 981, 985 (5ᵗʰ Cir. 1995).  Texas "strongly favor[s]" arbitration. *Star Sys. Int'l Ltd. v. 3M Co.,* No. 05-15-00669, 2016 WL 2970272, at *2 (Tex. App. May 19, 2016) (citing *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015)).  And questions of arbitrability must [also] be addressed with a healthy regard for the federal policy favoring arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

"Under the FAA [Federal Arbitration Act], ordinary principles of state contract law determine whether there is valid agreement to arbitrate." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737-38 (Tex. 2005); *see also G.T. Leach Builders*, *LLC v. Sapphire V.P., L.P.* 458 S.W.3d 502, 524 (Tex. 2015); *Specialty Select Care Ctr. of San Antonio, LLC v. Flores,* No 04-13-00888-CV, 2015 WL 5157034, at *2 (Tex. App.-San Antonio Sept. 2, 2015, no pet.).  Under these principles, a party cannot be compelled to arbitrate unless he or she has agreed to do so. *G.T. Leach Builders*, 458 S.W.3d at 524; *Kellogg*, 166 S.W.3d at 737; *Specialty Select*, 2015 WL 5157034, at *2.  Generally, the presence or absence of a party's signature on a contract is

relevant in determining whether a party is bound by a contract.  *Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex. 2013) ("Typically, a party manifests its assent by signing an agreement."); *Tukua Invs., LLC v. Spenst*, 413 S.W.3d 786, 794 (Tex. App-El Paso 2013, pet. denied).  However, if a contract is not signed by a party, then other evidence may be used to establish the non-signatory's unconditional assent to be bound by the contract, including any arbitration provision. *Tukua*, 413 S.W.3d at 794.

Texas Courts have recognized that unconditional assent by a nonsignatory to an arbitration provision can be established under the doctrine of direct benefits estoppel. *G.T. Leach Builders*, 458 S.W.3d at 527; *Rachal,* 403 S.W.3d at 845. Under this equitable doctrine, a non-signatory who seeks benefits under a contract, or is seeking to enforce it, is estopped from attempting to avoid a contract's burdens, including an arbitration provision.  *G.T. Leach Builders*, 458 S.W.3d at 527; *Rachal*, 403 S.W.3d at 845; *Kellogg*, 166 S.W.3d at 739.  As a result, a court can compel a non-signatory to arbitrate if that non-signatory is seeking to enforce the terms of a contract containing an arbitration provision. *G.T. Leach Builders*, 458 S.W.3d at 527; *Kellogg*, 166 S.W.3d at 739.

On October 12, 2018, this Court conducted an evidentiary hearing on Defendant's Motion to Dismiss and Compel Arbitration.  The evidence presented at the hearing established that Plaintiff had been made aware of the Arbitration Agreement and had been informed that her continued employment with Defendant would constitute an acceptance of the terms of the Arbitration Agreement. *See generally transcript from Evidentiary Hearing on October 12, 2018.* Chris Montoya, District Manager for Healthcare Services, also testified all new employees are provided copies of the Plan and informed that any claims brought against Defendant are subject

to binding arbitration. *Id.* Mr. Montoya also testified that no potential employee of Defendant could begin employment without agreeing to be bound by the terms of the Arbitration Agreement. *Id.* This testimony is enough to establish that a valid Arbitration Agreement exists in this matter.

Plaintiff has asserted common law tort claims for negligence which Plaintiff contends resulted in her alleged injuries. Further, Plaintiff asserts that Defendant is statutorily deprived of its common law defenses, based on the fact that Defendant is not a subscriber to statutory workers' compensation insurance coverage. Plaintiff's alleged cause of action is premised on the employer/employee relationship. The duties Plaintiff alleges Defendant breached, are duties that an employer owes to its employees. In the absence of the employer/employee relationship between Plaintiff and Defendant, Plaintiff would not be successfully asserting this cause of action. In this situation, Plaintiff is seeking to enforce the benefits of the contract between an employer and employee, while also avoiding the burdens of that relationship

The FAA does not require that a agreement to arbitrate be signed by the parties. *In re Polymerica, 296 S.W.3d 74, 76* (Tex. 2009). Furthermore, "an employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's policy and accepted it." *In re Dallas Peterbilt, Ltd., 196 S.W.3d 161, 162* (Tex. 2006). "When determining whether an employee received notice of a binding arbitration agreement, our cases do not confine that 'notice analysis' to the underlying agreement, but to all communications between the employer and employee." *Id.*

Under the holdings in *Polymerica and Peterbilt,* the testimony of Mr. Montoya is sufficient to establish that Plaintiff was given notice of the Arbitration Agreement and elected to

continue her employment with Defendant after learning of the Agreement.  By doing so, Plaintiff is bound by the terms of the Plan.

As the Magistrate Judge correctly concluded, Plaintiff is bound under the theory of direct benefits estoppel.  As Plaintiff argued at the hearing, and again argues in her Objections, she did not know the source of the benefits that were provided to her.  However, the Magistrate Judge carefully considered that testimony and artfully stated, "Were the Court to accept Fuller's argument, an employee could seek and receive benefits from an employer yet avoid arbitration by skillfully maintaining plausible deniability as to the source of the benefits."  Plaintiff wants the benefits but not the burden and the Court recognized that in its Findings.

## PRAYER

Defendant respectfully requests that the Court deny Plaintiff's Objections and not disturb the Findings, Conclusions and Recommendations which were issued on November 21, 2018.

Respectfully submitted,

SETTLEPOU

By:   */s/ Kent D. Williamson*
    Kent D. Williamson
    Texas Bar No. 21624400
    *kwilliamson@settlepou.com*
    SETTLEPOU
    3333 Lee Parkway, Eighth Floor
    Dallas, Texas  75219
    (214) 520-3300
    (214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANT
HEALTHCARE SERVICES GROUP, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certified that a true and correct copy of the foregoing has been served upon all counsel of record on this the 19th day of December, 2018.


*/s/ Kent D. Williamson*
KENT D. WILLIAMSON